UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HEATHER ANN SAHRLE,

                                    Plaintiff,

                                                            Case # 10-CV-6631-FPG

v.

                                                            DECISION AND ORDER

GREECE CENTRAL SCHOOL DISTRICT,

                                    Defendant.


Defendant Greece Central School District has moved for summary judgment in this case (ECF No. 33), and has filed a Motion to Seal (ECF No. 32) which seeks to have certain materials in support of their summary judgment motion maintained under seal to protect the identities of minor students who are referenced in the documents. Both motions were filed on the same date, and I stayed the Plaintiff's response date regarding the summary judgment motion until the Motion to Seal was decided. *See* ECF No. 35. For the following reasons, the Defendant's Motion to Seal (ECF No. 32) is DENIED.


                                    DISCUSSION

When a party seeks to have certain materials filed under seal and thus unavailable to members of the public, district courts undertake a three step analysis. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110 (2d Cir. 2006).

First, a court must determine whether the documents are "judicial documents." *Id.* at 119. To qualify as a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995)). If the documents are judicial in nature, there is a presumption of public access. *Id.*

Second, the court determines the weight of the presumption. That weight is "governed by the role of the material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch,* 435 F.3d at 119 (quoting *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d Cir. 1995) (*"Amodeo II"*). The material at issue "will fall somewhere on a continuum from matters that directly affect the adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.*

Finally, after the court has determined the weight of the presumption of access, "the court must 'balance competing considerations against it.'" *Lugosch,* 435 F.3d at 120 (quoting *Amodeo II,* 71 F.3d at 1050). These competing considerations include, *inter alia,* "the privacy interests of those resisting disclosure." *Id.*

The documents that the Defendant seeks to seal are clearly judicial documents to which the presumption of public access applies. The documents were submitted in support of the Defendant's summary judgment motion, and the Defendants seek to have this Court rely on those documents to grant their motion and to dismiss this case. As the Second Circuit has stressed, "summary judgment is an adjudication, and an adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Lugosch,* 435 F.3d at 121 (quotation and citation omitted); *see also Joy v. North,* 692 F.2d 880, 893 (2d Cir. 1982) ("Documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.").

Regarding the weight of the presumption given to such summary judgment filings, the Second Circuit has also emphasized that for such documents, "the presumption is of the highest: documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch,* 435 F.3d at 123 (internal quotation and citation omitted); *see also Gambale v. Deutsche Bank AG,* 377 F.3d 133, 140 (2d Cir. 2004)

("[T]he presumptive right to public observation is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication.'").

In balancing the strong presumption of access that applies in this case, the Court recognizes the legitimate interests advanced by the Defendant in support of their Motion to Seal, namely, to protect the confidentiality of the students referenced in many of the documents, especially since those students are minors. At the same time, if the entirety of the documents at issue were to be sealed, the public would be unable to access documents that provide at least part of the basis upon which the Defendants are asking this Court to grant their motion.

On balance, sealing the entirety of the documents goes too far, and is not warranted. In my view, removing the names of the students referenced in the publicly filed versions of Defendant's papers and replacing them with either their initials or a neutral designation, such as "Student 1," strikes the appropriate balance between protecting the student's privacy rights while at the same time allowing the public to publicly scrutinize this Court's adjudication of this matter. This approach is also consistent with Fed. R. Civ. P. 5.2(a)(3), which provides that any filings with the court that contain the identity of a minor "may include only...the minor's initials." As such, I find that redacting the names of any minors will serve the important purpose of protecting the privacy interests of the minor students, while still enabling the equally important interest of the public to assess the basis for any decision on the summary judgment motion.

CONCLUSION

For the foregoing reasons, the Defendant's Motion to Seal (ECF No. 32) is DENIED. The Defendant may re-file their summary judgment motion and supporting papers, which shall either (1) refer to any minors only by their initials, or (2) may remove the minor's names altogether and replace them with a neutral designation, such as "Student 1."

In the event that the Defendant elects to use such neutral designations, the Defendant shall also submit to the Court and the Plaintiff a listing of any such designations, along with the names of the student associated with each designation, and that document shall be filed and maintained under seal.

The Defendant's re-filed summary judgment motion is due by August 28, 2015. The Plaintiff's response to the Defendant's summary judgment motion is due by September 11, 2015, and the Defendant may file any reply by September 18, 2015.

IT IS SO ORDERED.

DATED:        Rochester, New York
              August 13, 2015

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

4