UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HEATHER ANN SAHRLE,

                                 Plaintiff,

v.

GREECE CENTRAL SCHOOL DISTRICT,

                                 Defendants.

Case # 10-CV-6631-FPG

DECISION AND ORDER

       After the Court granted in part and denied in part Defendant's summary judgment motion, Defendant moved this Court to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). ECF No. 51. Specifically, Defendant's proposed issue on appeal for certification under § 1292(b) would ask the Second Circuit to clarify whether the "but for" standard of causation should apply to Plaintiff's ADA and Rehabilitation Act retaliation claims, in light of the Supreme Court's decisions in *Univ. of Texas Sw. Med. Ctr. v. Nassar*, --- U.S. ---, 133 S. Ct. 2517, 2521 (2013), and *Gross v. FBL Financial Service, Inc.*, 557 U.S. 167 (2009). *Id.* at 7. Plaintiff has not responded to the application in any fashion.

       A district court may grant certification under § 1292(b) when it finds that the matter: (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "that an immediate appeal would materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law.... [O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir.1990) (internal quotation marks and citations omitted).

As such, "[i]nterlocutory appeals are strongly disfavored in federal practice." *In re Ambac Fin. Group, Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010). Indeed, Section 1292(b) "was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases." *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002). As the Second Circuit has cautioned, district courts should "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992).

Further, the certification process is a discretionary decision first by the district court, and if so certified, then by the Second Circuit. *See Swint v. Chambers Cty. Commn*, 514 U.S. 35, 36 (1995) (§1292(b) confers on district courts first line discretion to certify for immediate appeal interlocutory orders deemed pivotal and debatable; this provision grants to the court of appeals discretion to review only orders first certified by the district court.).

Here, the Court finds that Defendant has not satisfied the criteria of §1292(b). While the Court agrees that the proposed issue "involves a controlling question of law" where "there is substantial ground for difference of opinion," the Court cannot find that "an immediate appeal would materially advance the ultimate termination of the litigation." Stated simply, even if the Second Circuit were to hold that the "but-for" standard of causation applies[1], the Court still believes that material issues of fact exist that would preclude granting summary judgment in favor of Defendant. As such, regardless of the Second Circuit's determination on any potential § 1292(b) appeal, this matter is headed for trial. Since the standard of § 1292(b) is not satisfied, the Court declines to certify the matter for an interlocutory appeal.

---

[1] To be clear, the Court believes that given the holdings of *Gross* and *Nassar* and the similarity of language in the applicable statutes, "but-for" causation is likely the correct standard to be charged to the jury at trial. However, the Court will give the parties the opportunity to brief this issue as part of pre-trial submissions before making a final determination.

CONCLUSION

For all of these reasons, Defendant's request (ECF No. 51) to certify an interlocutory appeal under 28 U.S.C. § 1292(b) is DENIED.

The parties shall appear on October 6, 2017 at 2:30pm to set a trial date.

IT IS SO ORDERED.

DATED: September 26, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court